**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 07 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10347 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-08014-GMS-1 |
| v. | |
| WILLIE BYRON JONES, Sr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 9, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Willie Byron Jones, Sr. appeals the 183-month sentence he received after

pleading guilty to charges of Assault Resulting in Serious Bodily Injury and Use of

a Firearm in a Crime of Violence. Jones faced these charges and others after he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

shot a police officer who responded to a complaint that he was drunk and disorderly. Because we find that Jones waived his right to appeal his sentence, we dismiss the appeal.

Jones's plea agreement included a broad appellate waiver where Jones waived the right to appeal "any aspect of [his] sentence." Jones argues that the waiver is unenforceable because the government purportedly breached the plea agreement. This purported breach occurred when the government argued to the district court that a 120-month sentence was inappropriate despite stipulating in the plea agreement to a sentence between 120 and 240 months. We disagree that this constitutes a breach of the agreement. The government did not promise to refrain from arguing against a sentence at the low end of the stipulated range. *C.f. United States v. Heredia*, 768 F.3d 1220, 1234 (9th Cir. 2014) (holding that the government breached a plea agreement when it promised to recommend a specific sentence and not to "seek, argue or *suggest in any way*" that the district court impose a different sentence, but then submitted a sentencing position aggressively intimating that a higher sentence was warranted (emphasis in original)). Jones offers no other valid reason not to enforce the appellate waiver. Therefore, because the waiver covers the grounds raised on appeal and Jones fails to show he entered into the agreement unknowingly or involuntarily, the appeal must be dismissed. *United States v. Rivera*, 682 F.3d 1223, 1227 (9th Cir. 2012).

**Appeal DISMISSED.**