# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2367

_____

Adam Joseph Winarske

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 18, 2018
Filed: January 14, 2019

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

Adam Joseph Winarske appeals the district court's[1] denial of his second motion to vacate his mandatory minimum fifteen-year sentence under the Armed Career

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

Criminal Act ("ACCA"), arguing that his prior North Dakota burglary convictions are not "violent felonies" as defined in the ACCA. See 18 U.S.C. § 924(e). Reviewing the denial of a successive motion for relief under 28 U.S.C. § 2255 *de novo*, we affirm.

The ACCA defines "violent felony" to include a felony that "is burglary, arson, or extortion [the "enumerated-offenses clause"] or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"]. 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The Supreme Court has construed the word "burglary" in its generic sense, that is, as meaning "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). Under the applicable North Dakota statute, a person is guilty of felony burglary (Class B or class C) if he -

> willfully enters or surreptitiously remains in a building or occupied structure, or a separately secured or occupied portion thereof, when at the time the premises are not open to the public and the actor is not licensed, invited, or otherwise privileged to enter or remain as the case may be, with intent to commit a crime therein.

N.D. Cent. Code § 12.1-22-02(1). "Occupied structure" is defined to mean "a structure or vehicle [w]here any person lives or carries on business or other calling; or [w]hich is used for overnight accommodation of persons . . . regardless of whether a person is actually present." § 12.1-22-06(4).

In March 2012, Winarske pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report noted that Winarske had more than seven prior felony convictions, including five burglary convictions, and stated that he "is an armed career criminal." At sentencing, Winarske did not object to this determination. The district court, noting his "multiple

burglary convictions," found that Winarske had at least three prior "violent felony" convictions and imposed the ACCA's mandatory minimum sentence of fifteen years in prison. We affirmed the conviction. United States v. Winarske, 715 F.3d 1063 (8th Cir. 2013), cert. denied, 472 U.S. 1003 (2014).

In February 2015, Winarske filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because the Supreme Court's recent decision in Descamps v. United States, 570 U.S. 254 (2013), established that North Dakota's burglary statute criminalizes more than generic burglary. The district court denied the motion, concluding (I) "the elements of Winarske's three class C felony convictions for burglary are the same as those of the generic definition of burglary,"[2] and (ii) Descamps did not alter this analysis because the elements of class C burglary "are listed as an undivided set of elements." United States v. Winarske, No. 1:11-cr-86-1, Order Denying . . . Habeas Relief at 6-7 (D.N.D. July 14, 2015). Winarske did not appeal this ruling.

In June 2016, we granted Winarske's application for authorization to file a second or successive § 2255 motion to assert a claim that he was improperly sentenced as an armed career criminal. Congress has severely limited successive § 2255 motions for post-conviction relief. We may not authorize such a motion unless it is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). Here, Winarske's application properly relied on Johnson v. United States, 135 S. Ct. 2551 (2015), a decision the Supreme Court made retroactive to cases on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016). But simply citing a new rule is not enough. "The new rule must have a nexus to the right

_____

[2]When Winarske was sentenced, many cases had held that burglary was a violent felony under the ACCA's enumerated-offenses clause. See, e.g., United States v. Webster, 636 F.3d 916, 920 (8th Cir. 2011) (Maryland burglary); United States v. Sonczalla, 561 F.3d 842, 845-46 (8th Cir. 2009) (Minnesota burglary).

asserted in the motion." Donnell v. United States, 826 F.3d 1014, 1016 (8th Cir. 2016). Thus, even if authorization was properly granted, § 2244(b)(2)(A) requires dismissal of Winarske's successive motion, unless the claim in fact relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See Walker v. United States, 900 F.3d 1012, 1014 & n.2 (8th Cir. 2018).

Johnson held that the ACCA's residual clause was void for vagueness. The residual clause was not an issue when Winarske was sentenced as an armed career criminal, or when he challenged that determination in his first § 2255 motion. Rather, the question was whether his class C North Dakota burglary convictions were for generic burglary and therefore fell within the ACCA's enumerated-offenses clause. In arguing his second § 2255 motion to the district court, Winarske again argued that his burglary convictions no longer qualify as violent felonies because they do not fall within the enumerated offenses clause, relying now on Mathis v. United States, 136 S. Ct. 2243 (2016), as well as Descamps. The district court again rejected this argument on the merits and granted a certificate of appealability. United States v. Winarske, No. 1:11-cr-86-1, 2017 WL 1743550 (D.N.D. May 4, 2017).

On appeal, Winarske argues that Mathis established that the phrase "building or occupied structure" in North Dakota's burglary statute sets forth alternative means of committing the offense, not alternative elements of different offenses. Therefore, the North Dakota statute is overbroad because "occupied structure" is defined to include vehicles "where any person lives or carries on business or other calling," and generic burglary does not include burglary of any vehicle.[3] We decline to consider the merits of this enumerated-offenses-clause issue for three reasons.

---

[3]This assertion is contrary to the Supreme Court's recent decision in United States v. Stitt, 139 S. Ct. 399 (2018), which may put in doubt our decision construing the North Dakota burglary statute in United States v. Kinney, 888 F.3d 360, 363-65 (8th Cir. 2018). We need not decide that issue here.

First, the new rule in Johnson has no nexus to this claim. See 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses . . . ."); Stanley v. United States, 827 F.3d 562, 564 (7th Cir. 2016) ("the sole holding of Johnson is that the [ACCA's] residual clause is invalid"). Second, neither Mathis nor Descamps announced "a new rule of law, made retroactive to cases on collateral review by the Supreme Court," as § 2255(h)(2) and § 2244(b)(2)(A) require. Rather, "these decisions are simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony." Martin v. United States, 904 F.3d 594, 597 (8th Cir. 2018), citing Mathis, 136 S. Ct. at 2257, and Descamps, 570 U.S. at 260. Third, in denying Winarske's first § 2255 motion, the district court held that his three class C felony burglary convictions fell within the ACCA's enumerated offenses clause. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1); see In re Baptiste, 828 F.3d 1337, 1339 (11th Cir. 2016), citing cases applying § 2244(b)(1) to successive § 2255 motions.

For these reasons, the district court properly denied Winarske's successive § 2255 motion. The Order of the district court dated May 4, 2017, is affirmed.

———————————————