Cite as: 589 U. S. ____ (2020)           1

Statement of KAVANAUGH, J.

# SUPREME COURT OF THE UNITED STATES

## EDWIN ARTHUR AVERY *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 19–633.   Decided March 23, 2020

The petition for a writ of certiorari is denied.

Statement of JUSTICE KAVANAUGH respecting the denial of certiorari.

Federal prisoners can seek postconviction relief by filing an application under 28 U. S. C. §2255. State prisoners can seek federal postconviction relief by filing an application under §2254.

The issue in this case concerns second-or-successive applications. As relevant here, the law provides that a "claim presented in a second or successive habeas corpus application *under section 2254* that was presented in a prior application shall be dismissed." §2244(b)(1) (emphasis added).

The text of that second-or-successive statute covers only applications filed by state prisoners under §2254. Yet six Courts of Appeals have interpreted the statute to cover applications filed by state prisoners under §2254 and by federal prisoners under §2255, even though the text of the law refers only to §2254. See *Gallagher* v. *United States*, 711 F. 3d 315 (CA2 2013); *United States* v. *Winkelman*, 746 F. 3d 134, 135–136 (CA3 2014); *In re Bourgeois*, 902 F. 3d 446, 447 (CA5 2018); *Taylor* v. *Gilkey*, 314 F. 3d 832, 836 (CA7 2002); *Winarske* v. *United States*, 913 F. 3d 765, 768–769 (CA8 2019); *In re Baptiste*, 828 F. 3d 1337, 1340 (CA11 2016).

After Avery's case was decided, the Sixth Circuit recently rejected the other Circuits' interpretation of the second-or-successive statute and held that the statute covers only applications filed by state prisoners under §2254. *Williams* v.

*United States*, 927 F. 3d 427 (2019).

Importantly, the United States now agrees with the Sixth Circuit that "Section 2244(b)(1) does not apply to Section 2255 motions" and that the contrary view is "inconsistent with the text of Section 2244." Brief in Opposition 10, 13. In other words, the Government now disagrees with the rulings of the six Courts of Appeals that had previously decided the issue in the Government's favor.

In a future case, I would grant certiorari to resolve the circuit split on this question of federal law.