**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIE BYRON JONES, SR.,
        *Petitioner*,

v.

UNITED STATES OF AMERICA,
        *Respondent.*

No. 20-71862

OPINION

Application to File Second or Successive
Motion Under 28 U.S.C. § 2255

Argued and Submitted January 10, 2022
Pasadena, California

Filed May 11, 2022

Before: J. Clifford Wallace, Danny J. Boggs,[*] and
Michelle T. Friedland, Circuit Judges.

Opinion by Judge Boggs;
Dissent by Judge Wallace

---

[*] The Honorable Danny J. Boggs, Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

**SUMMARY**[**]

**28 U.S.C. § 2255**

The panel denied federal prisoner Willie Byron Jones, Sr.'s application for leave to file a second or successive 28 U.S.C. § 2255 motion challenging his conviction and sentence for use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

In his first § 2255 motion, which the district court denied, Jones argued that his § 924(c)(1)(A) conviction and sentence were invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019). In the second or successive § 2255 motion he later sought to file, he again raised a claim that his § 924(c)(1) conviction and sentence are unlawful under *Davis*; and he added a claim that under *Borden v. United States*, 141 S. Ct. 1817 (2021), his conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, cannot serve as a predicate crime of violence for his § 924(c) conviction, because a violation of § 113(a)(6) can be committed recklessly.

The panel held that 28 U.S.C. § 2244(b)(1)—which provides that a claim presented in a second or successive § 2254 application that was presented in a prior application shall be dismissed—sets out a jurisdictional rule rather than a claim-processing rule, but does not apply to federal prisoners' motions under § 2255.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel therefore turned to whether Jones satisfied the requirements set forth in 28 U.S.C. § 2255(h) to bring a second or successive motion.

The panel held that Jones did not make the necessary prima facie showing under 28 U.S.C. § 2255(h)(2) with respect to his *Davis* claim because that claim is not "previously unavailable," where Jones presented that claim to the district court in his first § 2255 motion, and the district court—though it erroneously characterized the predicate offense—held on the merits that Jones was not entitled to relief, and he did not appeal that decision.

The panel held that Jones also failed to make a prima facie showing under § 2255(h)(2) with respect to his *Borden* claim. *Borden* held that the Armed Career Criminal Act's definition of "violent felony" in its elements clause, 18 U.S.C. § 924(e)(2)(B)(i), did not include offenses committed commit recklessly. The ACCA's elements clause is nearly identical to the elements clause for a "crime of violence" under 18 U.S.C. § 924(c)(2)(A). The government conceded that an assault resulting in serious bodily injury under § 113(a)(6) can be committed recklessly, and after *Borden* cannot qualify as a predicate offense under § 924(c)(3)(A). The panel concluded, however, that *Borden* does not provide a basis under § 2255(h)(2) for granting Jones's application for leave to file a second or successive § 2255 motion because, as a case of statutory interpretation, *Borden* did not announce a new rule of *constitutional* law.

Dissenting, Judge Wallace agreed with the majority that § 2244(b)(1) is jurisdictional, but disagreed with the majority's conclusion that § 2244(b)(1) does not apply to second or successive motions by federal prisoners under § 2255. He wrote that Ninth Circuit caselaw, the text and

structure of § 2244 and § 2255, as well as the purpose of the Antiterrorism and Effective Death Penalty Act and policy concerns, all support applying § 2244(b)(1) to § 2255 motions. Moreover, the Sixth Circuit is the lone circuit that has held § 2244(b)(1) does not apply to § 2255 motions. Instead of creating a further circuit split, he would follow the approach adopted by the vast majority of all other circuits that have decided the issue and join the Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits in holding that § 2244(b)(1) applies to § 2255 motions.

## COUNSEL

Michael J. Bresnehan (argued), Law Offices of Michael J. Bresnehan P.C., Tempe, Arizona, for Petitioner.

Karla Hotis Delord (argued), Assistant United States Attorney; Krissa M. Lanham, Appellate Division Chief; Glenn B. McCormick, Acting United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Respondent.

## OPINION

BOGGS, Circuit Judge:

Willie Jones, Sr. pled guilty in 2013 to one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, as well as one count of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). In June 2020, he moved for postconviction relief under 28 U.S.C. § 2255, arguing that his § 924(c)(1)(A) conviction and sentence were

invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court denied the motion in August of that year. Jones now applies to this court for leave to file a second or successive motion for postconviction relief under 28 U.S.C. § 2255. He again raises a claim that his § 924(c)(1)(A) conviction and sentence are unlawful under *Davis*, and he adds a claim that under *Borden v. United States*, 141 S. Ct. 1817 (2021), his § 113(a)(6) conviction cannot serve as a predicate crime of violence for his § 924(c)(1)(A) conviction, because a violation of § 113(a)(6) can be committed recklessly.

In other words, Jones asks us to authorize a motion containing a previously presented *Davis*-based claim and a new *Borden*-based claim. If he were seeking relief from a state sentence pursuant to 28 U.S.C. § 2254, we would lack jurisdiction over the *Davis* claim and dismiss it, because "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). But he moves for relief from a *federal* sentence pursuant to § 2255. This court has not yet decided whether the bar in § 2244(b)(1) applies to second or successive § 2255 motions, and our sister circuits are divided on the matter.

We hold that § 2244(b)(1) does not apply to second or successive § 2255 motions. Instead, both of Jones's claims must be analyzed under the gateway provisions of § 2255(h) to determine whether they make prima facie showings that they either contain newly discovered evidence satisfying additional requirements, *see* 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2255(h)(2); *see id.* § 2244(b)(3)(C). Jones fails to make this prima facie showing for either his

*Davis* claim or his *Borden* claim. We therefore deny his application.

## I. Factual and Procedural History

On January 12, 2013, Jones shot and wounded a police officer on the Navajo Nation Indian Reservation who had responded to a call that he was drunk and disorderly. A grand jury indicted him on six counts under 18 U.S.C. § 113(a)(6), which concerns "[a]ssault resulting in serious bodily injury"; 18 U.S.C. § 1153, which treats certain acts committed on reservations as federal offenses; 18 U.S.C. § 924(c)(1)(A), which punishes the use, carrying, or possession of a firearm "during and in relation to any crime of violence or drug trafficking crime"; and other felony-assault charges not at issue here. The term "crime of violence" in § 924(c)(1)(A) is defined in two ways. 18 U.S.C. § 924(c)(3). First, under what is known as the elements clause, a felony qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). Second, under the so-called residual clause, a felony qualifies as a crime of violence if it is an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

Jones ultimately pled guilty on October 30, 2013 to one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, as well as one count of use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). His plea agreement stated that he waived his right to move for postconviction relief under 28 U.S.C. § 2255, among other appeal waivers. On July 2, 2014, the district court sentenced him to consecutive terms of imprisonment of 63 months on the assault count and

120 months on the firearm count, followed by concurrent three-year terms of supervised release on each count.

Jones timely filed an appeal to our court challenging his sentence. While that appeal was pending, in 2015, he filed a pro se motion under § 2255. The district court dismissed the motion without prejudice because his direct appeal was still pending. We then affirmed his sentence in a memorandum disposition. *United States v. Jones*, 633 F. App'x 440 (9th Cir. 2016) (mem.).

Jones filed another pro se § 2255 motion on June 18, 2020, arguing that *Alleyne v. United States*, 570 U.S. 99 (2013), established a new, retroactive rule that was not previously available to him.[1] On the same day, he moved for appointment of counsel, citing *Davis*. That decision held that the residual clause, 18 U.S.C. § 924(c)(3)(B), was void for vagueness. *Davis*, 139 S. Ct. at 2323–24. Although Jones discussed the decisions in separate filings, the district court construed both the *Alleyne* and *Davis* claims as part of the same motion for postconviction relief (the "First § 2255 Motion").

On June 22, 2020, while the First § 2255 Motion was pending, Jones filed a pro se application to the Ninth Circuit for leave to file a second or successive § 2255 motion. Construed liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), it asserted several grounds for relief. First, it pointed to our grant of the petition for rehearing en banc following our decision in *United States v. Orona*, 923 F.3d 1197 (9th Cir.), *reh'g en banc granted*, 942 F.3d

---

[1] *Alleyne* held that a jury must find any fact that increases the mandatory minimum for a sentence. *See* 570 U.S. at 103. Jones does not continue to press his *Alleyne* argument before us.

1159 (9th Cir. 2019) (mem.), which we stayed pending the outcome of *Borden v. United States*, 141 S. Ct. 1817 (2021).**²** Second, it referenced a series of Supreme Court decisions striking down various criminal statutes as unconstitutionally vague: *Davis*, 139 S. Ct. 2319 (concerning 18 U.S.C. § 924(c)(3)(B)); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (concerning 18 U.S.C. § 16(b)); and *Johnson v. United States*, 576 U.S. 591 (2015) ("*Johnson II*") (concerning 18 U.S.C. § 924(e)(2)(B)). Finally, it argued that at least some of these decisions were retroactively applicable to his collateral attack, relying on *Welch v. United States*, 578 U.S. 120 (2016), and *Teague v. Lane*, 489 U.S. 288 (1989).

The district court summarily dismissed the First § 2255 Motion on August 18, 2020. The court rejected the *Alleyne* claim because the Supreme Court had already issued that decision by the time of Jones's guilty plea, Jones had waived his appeal rights, and the *Alleyne* issue did not go to the voluntariness of his waiver. It then held that *Davis* did not support Jones's motion, either, because that decision concerned the residual clause, while it said that Jones "was convicted of discharging a weapon in relation to Hobbs Act robbery," a crime of violence under the elements clause. *See United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020). Notably, the court incorrectly characterized Jones's predicate "crime of violence" as Hobbs Act robbery when he actually was convicted under § 113(a)(6), which penalizes "[a]ssault resulting in serious bodily injury." The court also declined to issue a certificate of appealability ("COA"). Jones did not appeal.

---

**²** Orona died before *Borden* was decided, and the case was dismissed as moot. *United States v. Orona*, 987 F.3d 892, 893 (9th Cir. 2021) (mem.).

Nevertheless, on November 16, 2020, a panel of this court issued an order stating that Jones's present application for leave to file a second or successive motion merited further briefing and directing the appointment of counsel.[3] The panel specified that the briefing must address two issues: (1) whether 28 U.S.C. § 2244(b)(1) divests this court of jurisdiction to authorize Jones's claim, and (2) if not, whether, pursuant to *Davis*, assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6) is not a qualifying predicate crime of violence under 18 U.S.C. § 924(c), meaning that Jones's § 924(c) conviction and sentence must be vacated.

After that order was issued, but before the government filed its brief in opposition to Jones's application, the Supreme Court issued its decision in *Borden*, holding that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies" under the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). 141 S. Ct. at 1834 (plurality op.). That provision is nearly identical to the firearms charge under which Jones was convicted. *Compare* 18 U.S.C.

---

[3] Jones did not indicate at the time he filed his successive motion with this court that the First § 2255 Motion was still pending before the district court. Typically, if a pro se petitioner files an application under § 2244(b)(3) requesting leave to file a new habeas action while his first habeas motion or application remains pending, the court of appeals is obligated to construe the application as a motion to amend the earlier-filed action. *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016). Here, though, because the panel of this court was unaware of the earlier-filed pending motion, it "d[id] not have an obligation to research the status of earlier-filed petitions to determine whether a *pro se* petitioner is requesting leave to file a petition that is not in fact second or successive." *Id.* at 1195. And, in any event, the district court had already denied Jones's First § 2255 Motion by the time our court issued the briefing order.

§ 924(e)(2)(B)(i) (defining "violent felony" as felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with id.* § 924(c)(3)(A) (defining "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). The government now concedes that assault resulting in serious bodily injury under § 113(a)(6) "no longer qualifies as a predicate crime of violence under § 924(c)," because it can be committed recklessly.

## II.  Analysis

### A.  Jurisdictional Impact of 28 U.S.C. § 2244(b)(1)

Before addressing Jones's arguments, we summarize the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified as relevant here at 28 U.S.C. §§ 2244, 2253–55) ("AEDPA") that are implicated in this case. The statute divides the available routes for collateral attacks on a sentence according to the law under which a person is imprisoned: A person imprisoned pursuant to the judgment of a state court may apply for a writ of habeas corpus under § 2254, while a person in federal custody may move for postconviction relief under § 2255. In both instances, AEDPA limits the number of opportunities for petitioners to seek relief through "second or successive motion[s]." 28 U.S.C. § 2255(h); *see also id.* § 2244(b) (addressing claims presented "in a second or successive habeas corpus application under section 2254"). "[T]he phrase 'second or successive' [i]s a 'term of art,'" referring to an application for relief that follows an earlier application concerning the same judgment. *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)).

All parties agree that Jones's motion falls under § 2255, not § 2254. But before a person in federal custody can file a second or successive motion in district court, § 2255(h) requires that a court of appeals certify the motion as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The cross-reference to § 2244 in § 2255(h) directs the reader's attention to additional limitations. Most importantly for this case, § 2244(b)(1) states: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Next, § 2244(b)(2) indicates when a second or successive claim "under section 2254 that was not presented in a prior application" may survive dismissal. As in the similar (but not identical) requirements of § 2255(h), the claim must involve either a new, previously unavailable

rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, *id.* § 2244(b)(2)(A), or a claim where the "factual predicate" could not have been discovered earlier through due diligence, and whose facts, if proven and viewed in light of all the evidence, would "be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id.* § 2244(b)(2)(B); *cf. id.* § 2255(h).

Subsection 2244(b)(3) then lays out a process that a court of appeals must follow to authorize a "second or successive application permitted by this section." *Id.* § 2244(b)(3)(A). This procedure requires the court to satisfy itself that the application "makes a prima facie showing that [it] satisfies the requirements of this subsection," *id.* § 2244(b)(3)(C), and to rule on the application within thirty days after filing, *id.* § 2244(b)(3)(D).[4] Finally, § 2244(b)(4) instructs district courts to dismiss any claim in a second or successive motion "unless the applicant shows that the claim satisfies the requirements of this section," even if the court of appeals previously certified that the motion made a prima facie showing. *Id.* § 2244(b)(4).

---

[4] This thirty-day time limit is "hortatory," not mandatory. *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015); *see also In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997) (reaching the same conclusion because "Congress has failed to specify a consequence for noncompliance with the thirty-day time limit" and "[d]ue to the press of other judicial work, it will not always be possible to rule within thirty days"). Therefore, though it has been considerably longer than thirty days since Jones filed his application for permission to file a second or successive § 2255 motion, we proceed to consider his application. *See Ezell*, 778 F.3d at 765 (noting that court can exceed time limit when a motion presents "a complex issue").

The threshold issue in this case is whether § 2244(b)(1) bars Jones's § 2255 motion. This question, in turn, involves two inquiries. First, we must confirm that § 2244(b)(1) sets out a jurisdictional rule instead of a "nonjurisdictional 'claim-processing rule.'" *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454–455 (2004)). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Ibid.* Accordingly, if § 2244(b)(1) is a jurisdictional rule, then we must ask a second question: whether § 2244(b)(1) applies to § 2255 motions. If it does apply, and Jones previously presented his *Davis* claim, then we must deny his application as to that claim for lack of jurisdiction.

We conclude that § 2244(b)(1) is jurisdictional but that § 2244(b)(1) does *not* apply to § 2255 claims. The upshot is that even if Jones previously presented his *Davis* claim, we still analyze both the *Davis* and the *Borden* claims under the test laid out in § 2255(h).

## 1. Whether § 2244(b)(1) Is Jurisdictional

The Supreme Court has provided guidance about the term "jurisdictional" in order "to bring some discipline to the use of this term." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Jurisdictional provisions concern "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick*, 540 U.S. at 455. To determine whether a rule implicates a court's adjudicatory authority, we ask whether "the Legislature clearly state[d] that a threshold limitation on a statute's scope shall count as jurisdictional." *Gonzalez*, 565 U.S. at 141–42 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

515 (2006)). But this is not a magic-words test: In the context of the Court's "interpretation of similar provisions in many years past" that a requirement is jurisdictional, a statute may "'speak in jurisdictional terms' even absent a 'jurisdictional' label." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 168 (2010); *see also id.* at 166 (explaining that "the jurisdictional analysis must focus on the 'legal character' of the requirement, . . . which we discerned by looking to the condition's text, context, and relevant historical treatment" (citation omitted)).

The government contended at oral argument that § 2244(b)(1) is a nonjurisdictional, claim-processing rule. We disagree. Most importantly, the "text speaks . . . to a court's power." *United States v. Wong*, 575 U.S. 402, 410 (2015). The provision states that a claim in a second or successive habeas corpus application under § 2254 that was presented in a prior application "shall be dismissed." 28 U.S.C. § 2244(b)(1). It amounts to a clear statement limiting our ability to exercise judicial authority: If a claim was presented in a prior application, we have no power to consider it on the merits.

The Supreme Court reached a similar conclusion in *Gonzalez* when addressing another AEDPA provision. That decision considered 28 U.S.C. § 2253(c)(1), which states that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals" in postconviction review. *Gonzalez*, 565 U.S. at 140 (quoting 28 U.S.C. § 2253(c)(1)). This instruction was a jurisdictional requirement, the Court reasoned, because the statutory text clearly stated that courts of appeals had no authority "to rule on the merits of appeals from habeas petitioners" unless a COA had been issued. *Id.* at 142 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). In

contrast, the Court explained that "threshold condition[s] for the issuance of a COA," which instruct judges *when* and *how* to exercise their "power to issue COAs," were nonjurisdictional. *Id.* at 143 (discussing 28 U.S.C. § 2253(c)(2)–(3)). Section 2244(b)(1) is like the jurisdictional provision considered in *Gonzalez*: Both sections' terms operate to bar a court from exercising any authority over certain claims for postconviction relief.

Indeed, we have all but spelled out this interpretation of § 2244(b)(1) before. In *Chades v. Hill*, 976 F.3d 1055 (9th Cir. 2020), a prisoner who brought a second or successive application under § 2254 conceded that the application did not meet any statutory exception to the bar in § 2244(b)(1). *Id.* at 1056. We therefore concluded that "[w]e have no authority under AEDPA to authorize [the applicant] to file a second-or-successive application." *Ibid.*; *see also id.* at 1058–60 (Collins, J., concurring in the judgment) (agreeing that court lacked jurisdiction). Furthermore, other courts have viewed § 2244(b)(1) as jurisdictional. *See, e.g.*, *In re Bradford*, 830 F.3d 1273, 1277–78 (11th Cir. 2016) (per curiam); *Adams v. Thaler*, 679 F.3d 312, 322–23 (5th Cir. 2012). To the extent that our discussion in *Chades* was ambiguous, we now underscore the point: Section 2244(b)(1) sets out a jurisdictional rule, not a claim-processing rule. Therefore, we must inquire whether that provision applies to second or successive motions brought under § 2255.

### 2. Whether § 2244(b)(1) Governs § 2255 Motions

As previously described, § 2255(h) specifies that "[a] second or successive motion must be certified as provided in section 2244." 28 U.S.C. § 2255(h). Section 2244(b)(1), in turn, states that "[a] claim presented in a second or successive habeas corpus application *under section 2254*

that was presented in a prior application shall be dismissed."
*Id.* § 2244(b)(1) (emphasis added). Thus, the key question is
whether § 2244(b)(1) also applies to claims brought in
second or successive motions for postconviction relief *under
§ 2255*. If § 2244(b)(1) does apply, then we will deny the
application to the extent Jones has presented the same claim
twice. But if it does not apply, then we must still conduct a
§ 2255(h) inquiry even if Jones has asserted the same claim
before.

Our court has not yet confronted this question, but our
sister circuits are split.[5] The Second, Third, Fifth, Seventh,
Eighth, and Eleventh Circuits consider § 2244(b)(1) to apply
to federal prisoners seeking relief under § 2255. *See
Winarske v. United States*, 913 F.3d 765, 768–69 (8th Cir.

---

[5] The dissent acknowledges that "we have never specifically held
that § 2244(b)(1) applies to § 2255 motions" but notes that our court
appeared to assume that § 2244(b)(1) would apply to such motions in
*Moore v. Reno*, 185 F.3d 1054 (9th Cir. 1999). *See* Dissent at 27–29. In
*Moore*, the petitioner filed a § 2241 petition for habeas relief in the
district court, and the district court dismissed the petition on the grounds
that the petitioner had failed to show that § 2255 was an inadequate
remedy. 185 F.3d at 1054–55. We affirmed the district court's
conclusion. *Ibid.* In the final paragraph of the opinion, we noted in
dictum that the petitioner's claim would have failed even if we had
construed it as an application to file a successive § 2255 motion. In one
unreasoned sentence, we said that "§ 2244(b) requires the dismissal of a
successive petition unless 'the claim relies on a new rule of constitutional
law' or 'the factual predicate for the claim could not have been
discovered previously through the exercise of due diligence.' 28 U.S.C.
§ 2244(b)(1) and (2) (1998)." *Id.* at 1055. We are not bound by this
unreasoned dictum. *See United States v. McAdory*, 935 F.3d 838, 843
(9th Cir. 2019) ("[W]e are not bound by a prior panel's comments made
casually and without analysis, . . . uttered in passing without due
consideration of the alternatives, or . . . [done as] a prelude to another
legal issue that commands the panel's full attention." (quotation marks
omitted)).

2019); *In re Bourgeois*, 902 F.3d 446, 447 (5th Cir. 2018); *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016) (per curiam); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013) (per curiam); *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002). Other courts, including our own, have been more circumspect, merely noting the issue without deciding it. *See Young v. United States*, 22 F.4th 1115, 1121 n.4 (9th Cir. 2022); *Moore v. United States*, 871 F.3d 72, 78 (1st Cir. 2017); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015).

The Sixth Circuit has taken the opposite view that § 2255 relief is not covered by the language of § 2244(b)(1). *Williams v. United States*, 927 F.3d 427, 434 (6th Cir. 2019). The government also takes the position that the § 2244(b)(1) does not cover § 2255 motions. It adopted a similar stance in a recent filing before the Supreme Court, and though the Court denied certiorari in that case, one Justice wrote separately to express doubt that § 2244(b)(1) addresses federal prisoners' motions filed under § 2255. *See Avery v. United States*, 140 S. Ct. 1080, 1080 (2020) (mem.) (Kavanaugh, J., statement respecting denial of certiorari); Brief for the United States in Opposition at 10, 13, *Avery v. United States*, 140 S. Ct. 1080 (2020) (No. 19-633).

In our view, the Sixth Circuit has the better of the debate. The plain text of § 2244(b)(1) by its terms applies only to state prisoners' applications "under section 2254"—not federal prisoners' motions under § 2255. *See Williams*, 927 F.3d at 434–35. Courts reaching the other conclusion have reasoned that because § 2255 does not specify procedures for certifying second or successive motions and cross-references § 2244 in its entirety, the bar on previously

presented claims in § 2244(b)(1) must also apply in the federal-prisoner context. *See, e.g.*, *Bradford*, 830 F.3d at 1275–76 (explaining view that § 2255 "expressly tells us to incorporate the certification provisions of § 2244 that are contained in § 2244(b)," and that "§ 2255(h) incorporates the whole range of procedures and limitations set out in § 2244(b)(1), (b)(3), and (b)(4)"). That reading, however, overlooks that § 2244(b) is divided into provisions that expressly specify their applicability to "a second or successive habeas corpus application *under section 2254*" (emphasis added)—namely § 2244(b)(1) and (b)(2)—and those that do not indicate whether they apply only to § 2254 applications—§ 2244(b)(3) and (b)(4). "A statute should be construed so that effect is given to all its provisions." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citation omitted). If we were to ignore the "under section 2254" language in § 2244(b)(1) and (b)(2), that text would become superfluous.

Statutory structure further supports this reading. Recall that § 2255(h) and § 2244(b)(2) each set out tests that courts of appeals must apply in order to authorize second or successive applications: In both instances, an applicant must (broadly speaking) show either new facts that would create clear and convincing evidence of innocence for any reasonable factfinder, or a new, previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. §§ 2244(b)(2), 2255(h). The tests also differ in important ways.[6] And § 2254, unlike § 2255, contains no standard for

---

[6] For example, while § 2244(b)(2) requires a claim resting on newly discovered facts to be one where "the factual predicate for the claim *could not have been discovered previously through the exercise of due diligence*," and that "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, *but for*

authorizing second or successive applications. Consequently, when § 2244(b)(2) specifies that it governs claims "under section 2254," it provides a single test for courts to evaluate an applicant's prima facie case for habeas relief from state proceedings, but if it were also to apply to § 2255, it would overlap with § 2255(h) and likely conflict with that provision's requirements.

The Eleventh Circuit in *Bradford* recognized as much, reasoning that although § 2255(h) "incorporat[es] every other part of § 2244(b)," it did not incorporate § 2244(b)(2), and so avoided the possibility of subjecting prisoners to inconsistent requirements. 830 F.3d at 1276 n.1. While that court thought that the logical difficulty posed by applying § 2244(b)(2) to § 2255 motions justified a departure from a general principle that § 2244(b) applied to § 2255 in its entirety, we think the better inference is that the principle is wrong. After all, the text in § 2244(b)(2) that limits its applicability to § 2254 is identical to the text in § 2244(b)(1), and "the normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." *Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 860 (1986) (quotation marks omitted). We see no reason to credit the cross-reference to § 2254 in § 2244(b)(2) but ignore it in § 2244(b)(1).

Nor does this interpretation result in a strained reading of § 2255(h). That provision is fairly read to refer to the procedures outlined in § 2244(b)(3). Pursuant to that subsection, an applicant must move for authorization in the

---

*constitutional error*, no reasonable factfinder would have found the applicant guilty of the underlying offense," *see* 28 U.S.C. § 2244(b)(2)(B) (emphases added), § 2255(h) contains no due-diligence or constitutional-error requirement, *see id.* § 2255(h)(1).

court of appeals, *id.* § 2244(b)(3)(A); a panel of the court of appeals must convene to determine the motion, *id.* § 2244(b)(3)(B); the panel must determine that the application makes "a prima facie showing that [it] satisfies the requirements of this subsection," *id.* § 2244(b)(3)(C); and the court must issue a non-appealable decision within thirty days, *id.* § 2244(b)(3)(D)–(E). "[I]t makes no linguistic sense to direct a court to 'certif[y] as provided in section 2244[ (b)(1) ]' that a motion contains the threshold conditions discussed in § 2255(h)," because subsection (b)(1) contains no certification procedures. *Williams*, 927 F.3d at 435 (second and third alterations in original). Rather, "what makes linguistic sense is to direct a court to certify that those preconditions are met in accordance with the procedures laid out in § 2244(b)(3)." *Ibid.*

Some courts that have applied § 2244(b)(1) to § 2255 have also relied on policy considerations and the purposes of AEDPA. On that view, "it would be odd indeed if Congress had intended to allow federal prisoners to refile precisely the same non-meritorious motions over and over again while denying that right to state prisoners." *Baptiste*, 828 F.3d at 1339; *see also Bourgeois*, 902 F.3d at 448. The idea seems to be that allowing federal prisoners to file multiple collateral attacks would hamper Congress's goals in enacting AEDPA—which, according to the Supreme Court, were "to further the principles of comity, finality, and federalism," *Williams v. Taylor*, 529 U.S. 420, 436 (2000)— because doing so would threaten to repeatedly reopen cases through collateral attacks. *See, e.g.*, *White v. United States*, 371 F.3d 900, 901 (7th Cir. 2004).

But the policy interests underlying AEDPA do not counsel in favor of applying § 2244(b)(1) to § 2255 motions. To begin with, comity and federalism concerns arise when a

federal court reviews a state-court conviction, but not when it reviews a federal conviction. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (referring to the need to give states "the first opportunity" to correct violations of state prisoners' federal rights); *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (referring to "the State's interest in the finality of its criminal judgments"). Such concerns do not occur when a federal court of appeals reviews the judgment of a federal district court. *See Williams*, 927 F.3d at 436 n.6. Moreover, though we do not question Congress's purpose in ensuring the finality of criminal judgments, a reading of § 2244(b)(1) that permits the same claims to be presented in second or successive § 2255 motions does not contravene that goal: Even though this interpretation may result in more applications for leave to file such motions before courts of appeals, it is doubtful that this would produce a wave of new district-court postconviction proceedings. After all, even previously presented claims must satisfy the gatekeeping test in § 2255(h), and as illustrated below, motions that failed before very likely will fail if presented again. *See infra* Section II.B.

In short, policy considerations, to the extent they cut against the text at all, are insufficient to overcome the language and structure of § 2244(b)(1). *Cf. Williams*, 927 F.3d at 427 (rejecting reading of § 2244(b)(1) that "is an unjustifiable contravention of plain statutory text"). We therefore hold that this jurisdictional provision does not apply to second or successive motions under § 2255. Consequently, we turn to the ultimate issue: whether Jones satisfies the requirements of § 2255(h) to bring a second or successive motion.

### B.  Authorization to File a Second or Successive Motion Under § 2255(h)

Jones does not rest his second or successive motion on new evidence, *see* 28 U.S.C. § 2255(h)(1), so we may authorize his motion only if it makes a prima facie showing that it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. §2255(h)(2); *see id.* § 2244(b)(3). Jones points to *Davis* and *Borden* in support of his motion. We consider each claim in turn.[7]

### 1.  Davis

Jones has not made the necessary prima facie showing with respect to his *Davis* claim, because it is not "previously unavailable." Instead, he presented the claim to the district court in the First § 2255 Motion. Though that court erroneously characterized his predicate offense, it held on

---

[7] Jones's appellate waiver in his plea agreement does not remove our jurisdiction to consider whether to certify his second or successive motion. *See United States v. Jacobo Castillo*, 496 F.3d 947, 949–50 (9th Cir. 2007) (en banc). A waiver in a plea agreement does not speak to a court's "authority to adjudicate a case," but rather to the success of a party's arguments and the procedures "by which the court prescribes the orderly conduct of its business." *Id.* at 952. In other words, a plea agreement may have "preclusive effect"—and a district court can rely on a waiver in such an agreement to deny postconviction relief even when we authorize a second or successive motion—but it does not have a jurisdictional effect. *Id.* at 957 (emphasis omitted). While *Jacobo Castillo* concerned a direct appeal, its reasoning is equally applicable in cases on collateral review. Though we may have discretion to consider Jones's waiver at this stage, we decline to do so, as his claims fail regardless of the waiver.

the merits that he was not entitled to relief, and Jones did not appeal that decision.

Jones presented his *Davis* claim in a pro se motion for appointment of counsel that he filed along with his First § 2255 Motion. The district court construed that motion as a § 2255 motion stating a *Davis* claim, despite the idiosyncratic filing. This approach was proper, as courts should liberally construe pro se submissions. *See Erickson*, 551 U.S. at 94; *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (en banc). However, the district court then denied Jones's motion, reasoning that because *Davis* invalidated only § 924(c)(3)(B) and his predicate offense was Hobbs Act robbery, which is a crime of violence under § 924(c)(3)(A), Jones's conviction was constitutional. This analysis was plainly wrong. Hobbs Act robbery is a crime of violence under the elements clause. *Dominguez*, 954 F.3d at 1261; *see* 18 U.S.C. § 1951(a). But Jones's predicate offense was assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). Therefore, the court should have asked whether § 113(a)(6) qualified as a crime of violence under the elements clause.

Yet the district court's error does not mean that Jones's *Davis* claim was "previously unavailable." 28 U.S.C. § 2255(h)(2). For a petition to be second or successive, it must "raise[ ] claims that were or *could have been* adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (per curiam) (emphasis added). A claim is decided on the merits "[i]f the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *Ibid.* Here, Jones's *Davis* claims could have been considered and rejected by the district court; indeed, the district court's opinion demonstrates that although it made an error in

characterizing Jones's predicate offense, it considered his argument.

To remedy the district court's error, Jones could have attempted an appeal. Although the district court declined to issue a COA, Jones could have sought a COA from our court. *See* 28 U.S.C. § 2253(c); 9th Cir. R. 22-1. But the district court's error does not give us license to authorize a second or successive motion for a claim that was previously available. Consequently, though *Davis* offers Jones no grounds for postconviction relief, we also consider whether he can rely on *Borden* instead.

### 2. Borden

Jones's *Borden* claim also fails to make a prima facie showing under § 2255(h)(2) because *Borden* did not announce a new "constitutional" rule. *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015).[8]

In *Borden*, the Supreme Court held that the ACCA's definition of "violent felony" in its elements clause, 18 U.S.C. § 924(e)(2)(B)(i), which is nearly identical to the elements clause for a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), did not include offenses committed

---

[8] It is somewhat unclear whether Jones actually raised a *Borden* claim in his application to file a second or successive motion, as that decision was issued well after he submitted his application. However, he cited Ninth Circuit caselaw with a holding similar to that of *Borden*, and given the extensive attention the parties have now devoted to this issue, there would be little purpose served in our denying Jones's motion merely because he had not specifically mentioned *Borden* in his initial application form. *Cf. In re Embry*, 831 F.3d 377, 381–82 (6th Cir. 2016) (granting application to file second or successive § 2255 motion for claim because Supreme Court had decided to hear, but had not yet heard, case that would provide rule governing the claim).

recklessly. *See Borden*, 141 S. Ct. at 1825 (plurality op.); *id.* at 1834 (Thomas, J., concurring in the judgment). Because an assault resulting in serious bodily injury under § 113(a)(6) can be committed recklessly, after *Borden* it cannot qualify as a predicate offense under § 924(c)(3)(A). *See United States v. Benally*, 19 F.4th 1250, 1258 (10th Cir. 2021). The government concedes this point.

The chief difficulty with Jones's claim is that *Borden* did not announce a new rule of *constitutional* law, but rather was a statutory-interpretation decision. In *Ezell*, we denied an application to file a second or successive motion under § 2255(h)(2), in part because the decision on which the application relied, *Descamps v. United States*, 570 U.S. 254 (2013), merely interpreted the ACCA by indicating when certain crimes qualified as violent felonies under that statute. 778 F.3d at 766–67. Though *Descamps* may have implicated Sixth Amendment concerns, it was nonetheless a statutory decision, as the Court framed its analysis as a statutory-interpretation exercise. *See ibid.* We took the same approach in *Garcia v. United States*, 923 F.3d 1242 (9th Cir. 2019), holding that because the applicant "fail[ed] to make a prima facie showing" that the Supreme Court decision on which he relied was a constitutional decision, the applicant did not satisfy § 2255(h)(2). *Id.* at 1244–45 (discussing *Dean v. United States*, 137 S. Ct. 1170 (2017)); *see also United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam).

*Borden* was a statutory-interpretation case, so it does not provide "a new rule of constitutional law" for Jones to make a prima facie showing under § 2255(h)(2). The plurality expressly framed its inquiry in statutory terms. *See Borden*, 141 S. Ct. at 1825 (plurality op.) ("[W]e must decide whether the elements clause's definition of 'violent

felony'—an offense requiring the 'use of physical force against the person of another'—includes offenses criminalizing reckless conduct."). To answer that question, it looked to the meaning of the statutory phrase "against another," *see id.* at 1825–28, as well as the "context and purpose" of the ACCA, *see id.* at 1830–32. Justice Thomas, who concurred in the judgment and supplied the vote making a majority, relied on his own analysis of the statutory phrase "use of physical force" and also described his conclusion in statutory terms. *See id.* at 1834–35 (Thomas, J., concurring in the judgment). Although he recognized that the case was related to the Court's jurisprudence following its constitutional void-for-vagueness decision in *Johnson II*, that did not alter the statutory nature of the decision. *See id.* at 1835–36.

Because *Borden* did not announce a new rule of constitutional law, it does not provide a basis for granting Jones's application to file a second or successive motion under § 2255(h)(2).

### III. Conclusion

Section 2244(b)(1) is a jurisdictional provision, but it does not apply to applications for leave to file second or successive motions under § 2255. Instead, when faced with an application such as that presented by Jones, we must ask whether it makes a prima facie showing that the second or successive motion relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Here, Jones does not make a prima facie showing that either his *Davis* claim or his *Borden* claim satisfies this test. *Davis* was not "previously unavailable," and *Borden* did not

state a constitutional rule, but rather a statutory one. Therefore, Jones's application to file a second or successive motion is

**DENIED.**

---

WALLACE, Circuit Judge, dissenting:

I agree with the majority that 28 U.S.C. § 2244(b)(1) is jurisdictional, but I disagree with the majority's conclusion that § 2244(b)(1) does not apply to second or successive motions by federal prisoners under § 2255. The majority's approach creates a further split among the circuits on this issue by joining the Sixth Circuit, which alone holds that § 2244(b)(1) does not apply to § 2255 motions. Instead, I would join the Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits, and hold that § 2244(b)(1) governs second or successive § 2255 motions. For the following reasons, I respectfully dissent.

First, the majority is clearly wrong that we have never confronted this question. Although we have never specifically held that § 2244(b)(1) applies to § 2255 motions, we have repeatedly confronted the issue of whether § 2244(b) in general applies to § 2255. For instance, in *Moore v. Reno*, we declined to "authorize the district court to consider [a defendant's] successive § 2255 motion" because the defendant "has not made a prima facie showing that he has satisfied the requirements of section 2244(b)." 185 F.3d 1054, 1055 (9th Cir. 1999) ("Under the AEDPA, § 2244(b) requires the dismissal of a successive petition unless 'the claim relies on a new rule of constitutional law' or 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.'

28 U.S.C. § 2244(b)(1) and (2) (1998).").[1] In *Young v. United States*, we also acknowledged that a § 2255 motion "may be subject to dismissal under 28 U.S.C. § 2244(b)(1)" but ultimately did not decide on this issue there. 22 F.4th 1115, 1121 n.4 (9th Cir. 2022). But our court has never adopted or even hinted at applying the Sixth Circuit rule that § 2244(b)(1) does not apply to § 2255 motions. *See Williams v. United States*, 927 F.3d 427, 434 (6th Cir. 2019). Rather, when confronting this issue, we have generally been in favor of the approach adopted by the Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits. *See, e.g.*, *Moore*, 185 F.3d at 1055; *see also Gallagher v. United States*, 711 F.3d 315 (2d Cir. 2013); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *Bourgeois*, 902 F.3d 446, 447 (5th Cir. 2018); *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002); *Winarske v. United States*, 913 F.3d 765, 768–69 (8th Cir. 2019); *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016). Moreover, when deciding whether a particular application under § 2254 is "second or successive," some justices of the Supreme Court have stated that "in the context of federal prisoners' challenges to their convictions or sentences under 28 U.S.C. § 2255, the 'second or successive' bar under § 2244(b) applies to § 2255 motions." *Magwood v. Patterson*, 561 U.S. 320, 348 (2010) (Kennedy, J., dissenting on other grounds), *citing* 28 U.S.C. § 2255(h). The majority's adoption of the Sixth Circuit rule not only

---

[1] In fact, we have since relied on *Moore* in an unpublished memorandum disposition for the principle that "[t]he strictures of § 2241(b)(1) apply to § 2255." *United States v. Shetty*, 543 Fed. App'x 675, 676 n.5 (9th Cir. 2013), *citing Moore*, 185 F.3d at 1055. Because *Shetty* is an unpublished memorandum disposition, I give it no precedential value. However, its interpretation of *Moore*, a binding precedent, is insightful.

goes against our own caselaw, but also would unnecessarily create a deeper circuit split on this issue.

Second, the language and structure of § 2244 and § 2255 support applying § 2244(b)(1) to federal prisoners seeking relief under § 2255. Section 2255 explicitly incorporates § 2244 by stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, we have held that "[s]econd or successive § 2255 motions are subject to the gatekeeping procedures 'provided in section 2244.'" *Ezell v. United States*, 778 F.3d 762, 764 (9th Cir. 2015), *quoting* 28 U.S.C. § 2255(h). The majority attempts to limit these "gatekeeping procedures" referenced by § 2255(h) to only the certification procedures outlined in § 2244(b)(3). But both our caselaw and the statutory text show that the gatekeeping procedures in § 2244(b)(3) incorporates the requirements detailed in § 2244(b)(1)–(2). In general, § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). But among other procedural requirements, the "court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C); *see also Felker*, 518 U.S. at 657. Nothing in § 2244(b)(3), however, outlines the substantive requirements for what courts must consider in order to determine whether a petitioner made a prima facie showing. Instead, that standard is detailed in § 2244(b)(1)–(2). Indeed, our caselaw makes clear that we look to § 2244(b)(1)–(2) for whether a petitioner has made a prima facie showing that he has satisfied the requirements of

§ 2244(b).   *See, e.g.*, *Moore*, 185 F.3d at 1055, *citing*
28 U.S.C. § 2244(b)(1)–(2).

Third, there is no conflict between § 2255(h) and the
prima facie requirements in § 2244(b)(2).  Section 2255(h)
specifies that "[a] second or successive motion must be
certified *as provided in section 2244*."  28 U.S.C. § 2255(h)
(emphasis added).   It then went on to provide a list of
requirements that is nearly identical to § 2244(b)(2) for a
second or successive § 2255 motion.  Indeed, the standards
for a successive motion based on a new constitutional rule
are identical.  *See In re Zambrano*, 433 F.3d 886, 887 n.1
(D.C. Cir. 2006) ("The relevant portion of § 2244(b)(2)(A)
is identical to that portion of § 2255 implicated in this
case."); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005)
("The standards for a successive § 2254 petition and a
successive § 2255 motion based on a new constitutional rule
are identical.").   To be sure, § 2244(b)(2) contains two
additional requirements for claims based on newly
discovered evidence: "[T]he factual predicate for the claim
*could not have been discovered previously through the
exercise of due diligence*" and "the facts underlying the
claim . . . would be sufficient to establish by clear and
convincing evidence that, *but for constitutional error*, no
reasonable factfinder would have found the applicant guilty
of the underlying offense."   28 U.S.C. § 2244(b)(2)(B)
(emphasis added).   But the omission by § 2255(h)(1) for
claims based on newly discovered evidence does not mean
that it directly conflicts with § 2244(b)(2)(B) in substance.
Again, § 2255(h) explicitly adopted the requirements "as
provided in section 2244," which includes any additional
§ 2244(b)(2) requirements not specifically mentioned in
§ 2255(h).   Thus, for the small subset of claims based on
newly discovered evidence, I agree with the Seventh Circuit
that "the phrase 'as provided in section 2244,' which appears

in section 2255, [means] that in considering an application under section 2255 for permission to file a second or successive motion we should use the section 2244 standard." *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997). This also would be consistent with our own precedent as well. *See, e.g.*, *Moore*, 185 F.3d at 1055 (applying § 2244(b)(2) to a successive § 2255 motion).

Finally, I agree with the overwhelming majority of our sister circuits that "it would be odd indeed if Congress had intended to allow federal prisoners to refile precisely the same non-meritorious motions over and over again while denying that right to state prisoners." *In re Baptiste*, 828 F.3d at 1339. Like the Seventh Circuit, I "cannot think of any reason why the standard for federal prisoners would be more stringent," and the majority has not provided any rationale for this distinction. *Bennett*, 119 F.3d at 469. It is not our role to question whether Congress's purpose of enacting the Antiterrorism and Effective Death Penalty Act (AEDPA) is significant or not. Through § 2244 and § 2255(h), Congress decided that "two rounds of judicial review are sufficient in all but the extraordinary situation. Trial, sentencing, and direct appeal are the first round; an initial collateral attack under § 2255 is the second." *Taylor*, 314 F.3d at 836. Consistent with the purpose of § 2244(b) and § 2255, I would apply § 2244(b)(1) to § 2255 motions so that federal prisoners are also barred from refiling the same non-meritorious motions over and over again.

Because Ninth Circuit caselaw, the text and structure of § 2244 and § 2255, as well as the purpose of AEDPA and policy concerns all support applying § 2244(b)(1) to § 2255 motions, I respectfully dissent.