**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30039 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00072-DCN-1 |
| v. | |
| ISRAEL JACOB SALINAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted February 14, 2023[**]

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Israel Jacob Salinas appeals from the district court's judgment and

challenges the 110-month sentence imposed following his guilty-plea conviction

for unlawful possession of firearms and ammunition, in violation of 18 U.S.C.

§ 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence and remand.

Salinas contends that the district court erred by determining that his prior conviction for assault resulting in serious bodily injury, 18 U.S.C. § 113(a)(6), was a crime of violence warranting a greater base offense level under U.S.S.G. § 2K1.2(a)(2). The government concedes this error. *See Jones v. United States*, 36 F.4th 974, 980, 986 (9th Cir. 2022) (accepting government's concession that assault resulting in serious bodily injury under § 113(a)(6) can be committed recklessly); *United States v. Garcia-Jimenez*, 807 F.3d 1079, 1085 (9th Cir. 2015) ("[A] mens rea of extreme indifference recklessness is *not* sufficient to meet the federal generic definition of aggravated assault.").

Because the conceded error impacted the district court's calculation of the applicable Guidelines range, we vacate the judgment and remand for the district court to resentence Salinas using a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). *See Molina-Martinez v. United States*, 578 U.S. 189, 198-200 (2016).

**VACATED and REMANDED for resentencing.**