**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4318**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH GRAHAM,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:13-cr-00620-WDQ-1)

Submitted: March 15, 2016        Decided: April 4, 2016

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan A. Gladstone, Annapolis, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Seema Mittal, Kenneth S. Clark, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Graham appeals his conviction for attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); possessing and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Graham contends that the district court abused its discretion in allowing the Government to ask a leading question as to Graham's intent to rob. He also argues there is insufficient evidence to support the jury's finding that he intended to commit a robbery. We affirm.

We review for an abuse of discretion the district court's ruling on the use of leading questions. United States v. Durham, 319 F.2d 590, 592 (4th Cir. 1963); see United States v. Hicks, 748 F.2d 854, 859 (4th Cir. 1984). "The evil to be avoided is that of supplying a false memory for the witness. . . . Generally, abuse of discretion is not found in the absence of prejudice or clear injustice to the defendant." Durham, 319 F.2d at 592 (citations omitted); see also Winant v. Bostic, 5 F.3d 767, 773 (4th Cir. 1993) ("[R]eversal is warranted on the basis of leading questions only if the judge's actions cause the denial of a fair trial.").

Graham argues that the district court abused its discretion in allowing the Government to ask the victim a leading question

2

about Graham's intent to commit a robbery. We conclude that the district court did not abuse its discretion. When the Government asked the disputed question, it was merely summarizing the witness' answer to that point. Thus, the Government's question did not "supply[] a false memory for the witness," see Durham, 319 F.2d at 592, and Graham did not suffer any "prejudice or clear injustice." See id.

We review de novo the sufficiency of the evidence supporting a conviction. United States v. Barefoot, 754 F.3d 226, 233 (4th Cir.), cert. denied, 135 S. Ct. 502 (2014). We will uphold a conviction if, viewing the evidence in the light most favorable to the Government, "any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." Id. (internal quotation marks omitted). As a reviewing court, we may not "reweigh the evidence or the credibility of witnesses," United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010), and must examine the evidence in a "cumulative context" rather than "in a piecemeal fashion," United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). Consequently, "[r]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Said, 798 F.3d 182, 194 (4th Cir. 2015) (citation and internal quotation marks omitted),

3

petition for cert. filed, ___ U.S.L.W. ___ (U.S. Dec. 8, 2015) (No. 15-7332).

"A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir. 2014) (citation and internal quotation marks omitted). Under the Hobbs Act, "robbery" is defined as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). In order to convict a defendant of attempt to commit a crime, the Government must show, "beyond a reasonable doubt, that (1) he had culpable intent to commit the crime and (2) he took a substantial step towards completion of the crime that strongly corroborates that intent." United States v. Engle, 676 F.3d 405, 419-20 (4th Cir. 2012). Here, the parties dispute only whether Graham had the requisite intent to commit a robbery.

Graham argues that the meaning of the phrase he spoke to the victim—"Kick that shit out"—"cannot be easily deciphered." Appellant's Br. at 7. We conclude, however, that the meaning of the phrase is self-evident in the context in which it was

4

uttered, and it supports the jury's finding that Graham intended to rob the victims. Graham was carrying a gun and wearing a ski mask to hide his face when he knocked on the victims' door near midnight. He hid so that Victim A could not see him when she opened the door. He then shoved a gun into her face and pushed her back inside her home. While pointing his gun at her face, he said, "Kick that shit out." J.A. 48. A reasonable jury could easily conclude from these facts that Graham had the intent to commit a robbery.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED