**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 20-221**

———————————

In re:  KENNETH GRAHAM,

      Movant,

———————————

Application for Successive Habeas Authorization Arising from the United States District Court for the District of Maryland, at Baltimore.

———————————

Argued:  January 24, 2023                           Decided:  March 8, 2023

———————————

Before GREGORY, Chief Judge, WYNN, and THACKER Circuit Judges.

———————————

Motion granted by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Wynn and Judge Thacker joined.

———————————

**ARGUED:**  Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Movant.  Jonathan Scott Tsuei, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Respondent.  **ON BRIEF:** James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Movant.  Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

———————————

GREGORY, Chief Judge:

In 2015, a jury convicted Petitioner Kenneth Graham of possessing a firearm in furtherance of a "crime of violence"—in Graham's case, attempted Hobbs Act robbery— in violation of § 18 U.S.C. § 924(c). Because we have since determined that attempted Hobbs Act robbery is not a "crime of violence" under that statute, Graham's § 924(c) conviction (and the associated ten-year prison sentence) is no longer valid. Having previously sought relief pursuant to 28 U.S.C. § 2255, Graham now moves for authorization to file a second or successive § 2255 motion to vacate his § 924(c) conviction. In addressing Graham's request, we must first determine whether 28 U.S.C. § 2244(b)(1) requires dismissal of the claim he seeks to bring. For the reasons to follow, we conclude that it does not, and that Graham otherwise meets the standard for filing a second or successive motion set forth in § 2255(h)(2). Accordingly, we grant Graham's authorization motion.

I.

In February 2015, Kenneth Graham was convicted of three counts: (1) attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); (2) possession of a firearm in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm as a felon in violation of 18 U.S.C. § 922(g). As to the second count, § 924(c)(3) defines a "crime of violence" as an offense that is a felony and that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause), or "(B) that by its nature, involves

2

a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). Graham's attempted Hobbs Act robbery offense served as the predicate "crime of violence" underlying his § 924(c) conviction. The court sentenced Graham to 240 months on Count One and 262 months on Count Three to run concurrently, and 120 months on Count Two to run consecutively, for a total term of 382 months of imprisonment. Graham appealed his conviction, and this Court affirmed. *See United States v. Graham*, 643 F. App'x 268 (4th Cir. 2016).

In February 2018, Graham filed a § 2255 motion to vacate, set aside, or correct his sentence. Graham argued in part that *Johnson v. United States*, 576 U.S. 591, 597 (2015)—which struck down a similar residual clause defining "violent felony" in 18 U.S.C. § 924(e) as unconstitutionally vague—invalidated his § 924(c) conviction because attempted Hobbs Act robbery could no longer qualify as a "crime of violence." However, the court dismissed Graham's § 2255 motion as untimely because his conviction had become final almost two years before he sought habeas relief. *See Graham v. United States*, No. CR 13-620, 2018 WL 5026368, at *2 (D. Md. Oct. 16, 2018).

In April 2019, Graham moved for this Court's authorization to file a second or successive § 2255 motion. Graham reiterated his argument that developments in controlling case law rendered his § 924(c) conviction invalid. In addition to citing *Johnson*, Graham relied on *Welch v. United States*, 578 U.S. 120, 135 (2016), which held that *Johnson* applies retroactively on collateral review. He also cited *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018), which invalidated the residual clause defining "crime of violence" in 18 U.S.C. § 16(b) as unconstitutionally vague, and *United States v. Simms*, 914 F.3d 229, 246, 250 (4th

3

Cir. 2019), wherein we relied on *Johnson* and *Dimaya* to nullify § 924(c)'s residual clause. We summarily denied Graham's authorization motion.

In April 2020, Graham filed the instant authorization motion. Graham seeks to bring a second or successive § 2255 motion challenging his § 924(c) conviction under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which struck down § 924(c)'s residual clause as unconstitutionally vague.[1] After Graham filed his authorization motion, we held in *United States v. Taylor* that attempted Hobbs Act robbery is not a "crime of violence" under § 924(c) because it does not meet the elements clause definition, and the residual clause is no longer valid after *Simms* and *Davis*. 979 F.3d 203, 210 (4th Cir. 2020).

We placed this case in abeyance pending the Supreme Court's review of our decision in *Taylor*. After the Supreme Court affirmed, *United States v. Taylor*, 142 S. Ct. 2015, 2026 (2022), we ordered formal briefing on "the impact, if any, of 28 U.S.C. § 2244(b)(1) on Graham's ability to rely on *Davis* to seek authorization to file a successive § 2255 motion," as well as "any other issues the parties may deem meritorious." Order, *In re Kenneth Graham*, No. 20-221 (4th Cir. July 12, 2022), ECF No. 17.

---

[1] Graham's pro se motion initially included two additional grounds for relief, including that his § 922(g) conviction is invalid pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and that his indictment was invalid. However, Graham was subsequently appointed counsel, who filed a formal brief arguing only that Graham's *Davis* claim meets the standard for a second or successive motion under 28 U.S.C. § 2255(h). Because "we treat the formal brief as definitive of the issues for review," we only address Graham's *Davis*-based challenge to his conviction. *Slezak v. Evatt*, 21 F.3d 590, 593 n.2 (4th Cir. 1994).

4

In their briefing, Graham and the Government agree that § 2244(b)(1) does not bar Graham's *Davis* claim, and that Graham meets the § 2255(h) gatekeeping test for authorizing a second or successive § 2255 motion.  We agree on both scores.

II.

Before addressing whether Graham meets the standard for authorizing a second or successive § 2255 motion, we must first determine whether § 2244(b)(1) requires that his "claim . . . be dismissed."  28 U.S.C. § 2244(b)(1).  We conclude that it does not because § 2244(b)(1) does not apply to second or successive § 2255 motions.[2]

A.

We begin our analysis with an overview of the relevant statutory scheme.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "divides the available routes for collateral attacks on a sentence according to the law under which a person is imprisoned:  A person imprisoned pursuant to the judgment of a state court may apply for [postconviction relief] under § 2254, while a person in federal custody may move . . . under § 2255."  *Jones v. United States*, 36 F.4th 974, 980 (9th Cir. 2022).  For both federal and state prisoners, "AEDPA codified and extended judicially constructed limits on second and successive collateral attacks on convictions."  *In re Jones*, 226 F.3d 328, 330 (4th Cir. 2000).

---

[2] The parties agree that § 2244(b)(1) does not require dismissal of Graham's claim for a second reason:  even if § 2244(b)(1) applied, Graham's current claim was not "presented in a prior application."  28 U.S.C. § 2244(b)(1).  Because we hold § 2244(b)(1) does not apply to second or successive § 2255 motions, we need not reach this argument.

Pursuant to § 2255(h), which governs habeas claims by federal prisoners, "[a] second or successive [§ 2255] motion must be certified *as provided in section 2244* by a panel of the appropriate court of appeals to contain" either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added).

In turn, § 2244 includes four relevant provisions governing second or successive habeas claims. First, § 2244(b)(1) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Second, § 2244(b)(2) sets the gatekeeping test for entertaining second or successive § 2254 applications. This standard is similar, but not identical, to that set forth in § 2255(h). Third, § 2244(b)(3) outlines the process and requirements for filing a second or successive habeas application. Specifically, it (1) dictates that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"; (2) requires a three-judge appellate panel to determine "that the application makes a prima facie showing that the application satisfies the requirements of this subsection"; and (3) precludes appeals from such determinations. 28 U.S.C. § 2244(b)(3). Finally, § 2244(b)(4) directs a district court to "dismiss any claim presented

6

in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

B.

With this background in mind, we address whether § 2244(b)(1), which requires dismissal of "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application," applies only to second or successive § 2254 applications by state prisoners, or if it also applies to second or successive § 2255 motions by federal prisoners. Despite the plain language of the provision limiting its application to the former set of cases, the Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits have determined that it applies to second or successive habeas applications by both state *and* federal prisoners. *See Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Bourgeois*, 902 F.3d 446, 447–48 (5th Cir. 2018); *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002); *Winarske v. United States*, 913 F.3d 765, 768–69 (8th Cir. 2019); *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016). The Sixth and Ninth Circuits, however, have reached the opposite conclusion. *See Williams v. United States*, 927 F.3d 427, 436 (6th Cir. 2019) (concluding "that § 2244(b)(1) does not apply to federal prisoners . . . seeking relief under § 2255"); *Jones v. United States*, 36 F.4th 974, 977 (9th Cir. 2022) (same). For its part, the Supreme Court has recognized "th[e] circuit split on this question of federal law" but has yet to address it. *Avery v. United States*, 140 S. Ct. 1080, 1080–81 (2020) (mem.) (Kavanaugh, J., statement respecting the denial of certiorari).

7

Having previously declined to "wade[] into the circuit split over whether [§ 2244(b)(1)] also applies to federal inmates seeking to file successive § 2255 [motions]," *In re Thomas*, 988 F.3d 783, 788 n.3 (4th Cir. 2021), we now join the ranks of the Sixth and Ninth Circuits and conclude that § 2244(b)(1) does not so apply.

1.

To start, the plain text of § 2244(b)(1) clearly circumscribes the provision's applicability to "claim[s] presented in a second or successive habeas corpus application *under section 2254*." 28 U.S.C. § 2244(b)(1) (emphasis added). Some of the cases holding that § 2244(b)(1) applies to second or successive § 2255 motions attempt to overcome this plain language by focusing on § 2255(h)'s pronouncement that a "second or successive motion must be certified *as provided in section 2244*." 28 U.S.C. § 2255(h) (emphasis added). These courts argue that § 2255(h)'s reference to § 2244 "means that [§ 2244(b)(1)] is equally applicable to § 2255 motions." *Taylor*, 314 F.3d at 836; *see also Bourgeois*, 902 F.3d at 447 ("[Section] 2244(b)(1)'s strict relitigation bar is incorporated by 28 U.S.C. § 2255(h).").

But we do not read § 2255(h)'s requirement that a second or successive § 2255 motion be "certified as provided in section 2244" as incorporating the entirety of § 2244 by reference. Rather, as the Sixth Circuit observed, "§ 2255(h)'s reference to § 2244's certification requirement is much more sensibly read as referring to the portions of § 2244 that actually concern the certification procedures," such as § 2244(b)(3). *Williams*, 927 F.3d at 435. Indeed, "it makes no linguistic sense to direct a court to 'certif[y] as provided in section 2244[(b)(1)]' that a motion contains the threshold conditions discussed in § 2255(h)."

8

*Id.* Rather, "what makes linguistic sense is to direct a court to certify that those preconditions are met in accordance with the procedures laid out in § 2244(b)(3)." *Id.*

Consistent with our obligation to "try to give every word in the statute meaning to avoid rendering its terms superfluous," *Espinal-Andrades v. Holder*, 777 F.3d 163, 168 (4th Cir. 2015), interpreting § 2255(h) to incorporate only § 2244(b)(3) "avoid[s] creating surplusage," *Hedin v. Thompson*, 355 F.3d 746, 750 (4th Cir. 2004). Section 2244(b) "is divided into provisions that expressly specify their applicability to 'a second or successive habeas corpus application *under section 2254*' (emphasis added)—namely § 2244(b)(1) and (b)(2)—and those that do not indicate whether they apply only to § 2254 applications—§ 2244(b)(3) and (b)(4)." *Jones*, 36 F.4th at 982–93. Whereas reading §§ 2244(b)(1) and (b)(2) to apply to federal habeas proceedings would render those provisions' express reference to § 2254 superfluous, restricting their scope to second or successive § 2254 applications affords their language proper effect.

A comparison between the text of §§ 2244(b)(1), 2244(b)(2), and 2255(h) further convinces us that § 2244(b)(1) does not apply to second or successive § 2255 motions. In § 2244(b)(1), Congress set forth a rule governing (and requiring the dismissal of) "claim[s] presented in a second or successive habeas corpus application under section 2254 that w[ere] presented in a prior application." In the next provision, § 2244(b)(2), Congress set forth a rule governing "claim[s] presented in a second or successive habeas corpus application under section 2254 that w[ere] *not* presented in a prior application" (emphasis added), and allowing such claims to proceed if they meet the gatekeeping requirements of § 2244(b)(2)(A) or (B). Sections 2244(b)(1) and (b)(2) thus appear to work in tandem to

9

establish the requirements for authorizing a second or successive § 2254 application; which provision applies turns on whether the petitioner seeks to bring a claim "presented in a prior application." 28 U.S.C. §§ 2244(b)(1) & (b)(2).

By contrast, the gatekeeping test for authorizing a second or successive § 2255 motion applies, by its terms, to any "second or successive motion," 28 U.S.C. § 2255(h), regardless of whether the claim in the second or successive motion was previously presented. That is, whereas § 2244(b)(2) limits the application of its gatekeeping test for second or successive § 2254 applications to claims that were "not presented in a prior application," § 2255(h) provides no such limiting language. "Had Congress likewise intended" to limit the gatekeeping test for second or successive § 2255 motions to claims that were not previously presented, "it knew how to say so." *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 826 (2018). "And, usually at least, when we're engaged in the business of interpreting statutes[,] we presume differences in language like this convey differences in meaning." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1723 (2017). Here, that difference in meaning instructs us that § 2244(b)(1) does not govern second or successive § 2255 motions.

Finally, we note the untenable consequences that would flow from reading § 2244(b)(1) to apply to second or successive § 2255 motions. Sections 2255(h) and 2244(b)(2) each set forth a test that courts of appeals must apply to determine whether to authorize second or successive habeas claims brought by federal and state prisoners, respectively. While the tests are similar, they are not identical. Both allow courts of appeals to authorize a second or successive habeas claim that relies on "a new rule of

10

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2); § 2244(b)(2)(A). Yet, whereas § 2244(b)(2)(B) only allows courts of appeals to authorize a second or successive § 2254 application if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2255(h)(1) "contains no due-diligence or constitutional-error requirement." *Jones*, 36 F.4th at 983 n.6.

But if § 2255(h) were to incorporate *all* of § 2244's provisions, then it would necessarily incorporate § 2244(b)(2)'s gatekeeping test. In other words, it would apply a gatekeeping test to second or successive § 2255 motions that conflicts with the very test § 2255(h) itself articulates, and which this Court has confirmed does not apply to second or successive § 2255 motions. *See United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) (holding that "the district court erred by applying the standard of 28 U.S.C. § 2244(b)(2)(B)(ii), rather than § 2255(h)(1)" because "§ 2244(b)(2) sets forth the controlling standard for state prisoners, and § 2255(h) spells out the standard applicable to those in federal custody").[3] This strikes us as an illogical, and perhaps even "absurd[,]

---

[3] In *MacDonald*, we surmised that the error was "probably harmless" "[b]ecause of the similarities between § 2244(b)(2)(B)(ii) and § 2244(h)(1)" but did not ultimately reach "the harmlessness question." 641 F.3d at 610. We have since noted "that § 2255(h)(1) contains crucial linguistic differences that render it more lenient than § 2244(b)(2)(B)(ii)." *United States v. MacDonald*, 911 F.3d 723, 726–27 n.3 (4th Cir. 2018) (citing *Case v. Hatch*, 731 F.3d 1015, 1035 (10th Cir. 2013)).

11

result[].” *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) (“[I]nterpretations of a statute which would produce absurd results are to be avoided . . . .”).

Recognizing this conflict, the Eleventh Circuit simply concluded that § 2255(h) incorporates § 2244(b)(1) but not § 2244(b)(2). *In re Bradford*, 830 F.3d 1273, 1276 n.1 (11th Cir. 2016). In *Bradford*, the Eleventh Circuit “thought that the logical difficulty posed by applying § 2244(b)(2) to § 2255 motions justified a departure from a general principle that § 2244(b) applied to § 2255 in its entirety.” *Jones*, 36 F.4th at 983. However, as the Ninth Circuit recognized, “the better inference is that the principle is wrong. After all, the text in § 2244(b)(2) that limits its applicability to § 2254 is identical to the text in § 2244(b)(1),” and there is “no reason to credit the cross-reference to § 2254 in § 2244(b)(2) but ignore it in § 2244(b)(1).” *Id.* “Apply[ing] our usual presumption that the same words repeated in different parts of the same statute have the same meaning,” *Env't Def. v. Duke Energy Corp.*, 549 U.S. 561, 584 (2007) (Thomas, J., concurring), we decline to subject the “same words” in §§ 2244(b)(1) and (b)(2) to disparate treatment. And because § 2255(h) cannot incorporate § 2244(b)(2), nor can it incorporate § 2244(b)(1).

## 2.

The policies underlying AEDPA do not undermine this conclusion. Some courts holding that § 2244(b)(1) applies to second or successive habeas claims brought by both state and federal prisoners have grounded their reasoning in policy considerations, such as the notion that “it would be odd indeed if Congress had intended to allow federal prisoners to refile precisely the same non-meritorious motions over and over again while denying

12

that right to state prisoners." *Baptiste*, 828 F.3d at 1339. But that reasoning is unavailing. As a threshold matter, "[n]o legislation pursues its purposes at all costs, and [such a] purposive argument simply cannot overcome the force of the plain text." *Williams*, 927 F.3d at 436 (quoting *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 460 (2012)).

But even looking to policy considerations, our conclusion is unyielding. "AEDPA's purpose [was] to further comity, finality, and federalism principles." *Williams v. Taylor*, 529 U.S. 420, 421 (2000). "To begin with, comity and federalism concerns arise when a federal court reviews a state-court conviction, but not when it reviews a federal conviction." *Jones*, 36 F.4th at 984. Those concerns are thus not present when a federal court considers an authorization motion by a petitioner imprisoned pursuant to the judgment of a federal court. *Id.* Indeed, the Tenth Circuit applied this very reasoning to conclude it "makes sense" that "§ 2255(h)(1), governing federal court review of federal convictions, is more lenient" than § 2244(b)(2)(B)'s "strict standard restricting the kinds of evidence that federal courts may consider when entertaining a state prisoner's successive-petition claim." *Case v. Hatch*, 731 F.3d 1015, 1035 (10th Cir. 2013).

And, as Graham argues, it is reasonable to treat a federal prisoner's successive claims with more flexibility; whereas "a state prisoner gets two bites at the apple—an opportunity to contest a state conviction through state postconviction proceedings as well as federal habeas proceedings through § 2254," Opening Br. 22—a federal prisoner seeking postconviction relief is restricted to the federal forum and may file only one § 2255 motion before being subject to the gatekeeping requirements governing second or successive motions. *See Lester v. Flournoy*, 909 F.3d 708, 710 (4th Cir. 2018) ("[O]nce

13

the prisoner has filed one unsuccessful § 2255 motion, . . . he may not file another except under very limited circumstances.").

Nor does today's holding undermine Congress's interest in finality. "Even though this interpretation may result in more applications for leave to file such motions before courts of appeals, it is doubtful that this would produce a wave of new district-court postconviction proceedings," as "even previously presented claims must satisfy the gatekeeping test in § 2255(h)." *Jones*, 36 F.4th at 984. We are satisfied that the "stringent," *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003), and "difficult[ to] meet[]," *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011), requirements set forth in § 2255(h) will continue "to advance the finality of criminal convictions," *Mayle v. Felix*, 545 U.S. 644, 662 (2005).

## III.

Having concluded that § 2244(b)(1) does not bar Graham's claim, we turn to whether Graham meets the standard for authorizing a second or successive § 2255 motion. To do so, Graham must "mak[e] a prima facie showing that" his claim satisfies the § 2255(h) gatekeeping test. *Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 568 (4th Cir. 2021). This requires "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Williams*, 330 F.3d at 281 (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)).[4] "If in light of the documents submitted

---

[4] In *Williams*, we clarified that while the "prima facie" standard requires a "sufficient showing of possible merit to warrant a fuller exploration by the district court,"
(Continued)

with the [authorization motion] it appears reasonably likely that the motion satisfies the stringent requirements for the filing of a second or successive petition, we shall grant [authorization]." *Id.* (cleaned up).

The parties agree that Graham has made a prima facie showing that his *Davis* claim satisfies § 2255(h)(2), which requires his second or successive motion to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Graham and the Government contend that *Thomas*, wherein we held that the petitioner's *Davis* claim met the § 2255(h)(2) requirements, is on all fours with the instant case. We agree.

To start, our conclusion in *Thomas* that *Davis* announced a "substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court" applies with equal force here. 988 F.3d at 790. Therefore, we need only determine whether that rule is both "new" and "was previously unavailable" to Graham.

that "showing of possible merit" "relates to the possibility that the claims in a successive application will satisfy the stringent requirements for the filing of a second or successive petition, not the possibility that the claims will ultimately warrant a decision in favor of the applicant." 330 F.3d at 281–82 (cleaned up). However, in *In re Irby* and subsequent cases, we stated that for a petitioner to make "a sufficient showing of possible merit," he or she "must make a 'plausible' claim for relief." 858 F.3d 231, 233 (4th Cir. 2017). We are "bound by the basic principle that one panel cannot overrule a decision issued by another panel," and "[w]hen panel opinions conflict, we are obliged to . . . adhere to the earlier of the conflicting opinions." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted). Adhering to those rules, we follow our earlier articulation of a "prima facie showing" in *Williams* and focus only on whether Graham is reasonably likely to satisfy the § 2255(h) standard. However, we note that, pursuant to *Taylor*, which held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c), Graham's challenge to his § 924(c) conviction is virtually guaranteed to succeed. *See Taylor*, 142 S. Ct. at 2020.

15

A "case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In *Thomas*, we held that "*Davis*'s constitutional rule is new" because its holding "was not dictated by precedent." *Thomas*, 988 F.3d at 788–89. And because, as in *Thomas*, the Supreme Court had not decided *Davis* at the time Graham's conviction became final, *Davis* constitutes "a new rule" for purposes of § 2255(h)(2) in this case.

Next, a rule "was previously unavailable" if it was not available to the petitioner "when he brought his last federal proceeding—including an authorization motion—challenging his conviction." *Id.* at 790. In *Thomas*, we held that because "*Davis* was not decided until several months" after the petitioner filed his last motion challenging his conviction, a *Davis* claim was previously unavailable to him. *Id.* So too, here. According to the record, Graham "brought his last federal proceeding . . . challenging his conviction"—his authorization motion—in April 2019, *id.*, and the Supreme Court did not decide *Davis* until June 2019.[5] Therefore, "the rule announced in *Davis* was previously

---

[5] We note that in both *Thomas* and this case, we had decided *Simms*—which articulated the same rule that the Supreme Court later announced in *Davis*—at the time the petitioner filed his last authorization motion. While we did not discuss the prior availability of *Simms* in *Thomas*, we concluded that the *Davis* rule was previously unavailable because *Davis* had not been decided until after the petitioner brought his last authorization motion. This conclusion makes sense. As other circuits have noted, "whether a claim is 'previously unavailable' depends on when a 'new rule of constitutional law' is made retroactive *by the Supreme Court*." *In re Bowles*, 935 F.3d 1210, 1218 (11th Cir. 2019) (emphasis added); *see also Gray-Bey v. United States*, 209 F.3d 986, 988 (7th Cir. 2000) ("[F]or purposes of § 2255[(h)](2) a rule is 'unavailable' until the Supreme Court renders its decision, for it is the high court's decision that must be held retroactive[.]"). Therefore, following *Thomas*, the prior availability of *Simms* does not alter our conclusion that *Davis* was previously unavailable to Graham.

16

unavailable to [Graham]," *id.*, and Graham's *Davis* claim satisfies the requirements set forth in § 2255(h)(2).

IV.

For the foregoing reasons, Graham's authorization motion is

*GRANTED.*