# SUPREME COURT OF THE UNITED STATES

## IN RE MICHAEL BOWE

ON PETITION FOR WRIT OF HABEAS CORPUS

No. 22–7871.  Decided February 20, 2024

The petition for a writ of habeas corpus is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE JACKSON joins, respecting the denial of the petition for a writ of habeas corpus.

Under §2244(b)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court must dismiss a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application."  28 U. S. C. §2244(b)(1).  State prisoners seek federal postconviction relief under §2254.  Federal prisoners seek postconviction relief under §2255.  This petition raises the question whether §2244(b)(1)'s bar, which explicitly references only §2254, also applies to a claim by a *federal* prisoner who brings a successive challenge to his conviction under §2255.

The Government agrees with Bowe that §2244(b)(1)'s plain language covers only challenges by state prisoners under §2254.  Three Circuits now agree with that interpretation.  See *Jones* v. *United States*, 36 F. 4th 974, 982 (CA9 2022) ("The plain text of §2244(b)(1) by its terms applies only to state prisoners' applications"); *In re Graham*, 61 F. 4th 433, 438 (CA4 2023); *Williams* v. *United States*, 927 F. 3d 427, 434 (CA6 2019).  But six Circuits disagree.  See *Winarske* v. *United States*, 913 F. 3d 765, 768–769 (CA8 2019); *In re Bourgeois*, 902 F. 3d 446, 447 (CA5 2018); *In re Baptiste*, 828 F. 3d 1337, 1339–1340 (CA11 2016); *United States* v. *Winkelman*, 746 F. 3d 134, 135–136 (CA3 2014); *Gallagher* v. *United States*, 711 F. 3d 315 (CA2 2013); *Taylor* v. *Gilkey*, 314 F. 3d 832, 836 (CA7 2002).

JUSTICE KAVANAUGH has previously expressed his desire
for this Court to resolve this split. *Avery* v. *United States*,
589 U. S. ___, ___ (2020) (statement respecting denial of cer-
tiorari) (slip op., at 2). I now join him. There is a reason,
however, that this is the first case to reach the Court pre-
senting this question since he welcomed petitions on the
split in *Avery*. There are considerable structural barriers to
this Court's ordinary review via certiorari petition.

A petition cannot reach this Court from the three Circuits
that read §2244(b)(1) to apply only to state prisoners. Be-
fore a federal prisoner can file a second or successive habeas
§2255 motion, a court of appeals must certify it. See 28
U. S. C. §2255(h). When a federal prisoner files a second or
successive §2255 motion that raises an issue he has raised
previously, neither the court of appeals nor the district
court will apply §2244(b)(1)'s bar. If the court of appeals
certifies the motion, the district court will decide it on the
merits. The Government, because it agrees that §2244(b)(1)
applies only to state prisoners, will not seek certiorari and
the question will be left behind.

A petition cannot reach this Court from the six Circuits
that apply §2244(b)(1) to both state and federal prisoners
either. In those Circuits, the court of appeals will apply
§2244(b)(1)'s bar and deny certification to any second or
successive §2255 motion that raises an issue the prisoner
has previously raised. Neither the Government nor the
prisoner can seek review of that interpretation of
§2244(b)(1) from this Court, however, because AEDPA sep-
arately bars petitions for certiorari stemming from "[t]he
grant or denial of an authorization by a court of appeals to
file a second or successive application." §2244(b)(3)(E).

Here, the Eleventh Circuit denied Bowe authorization to
file his successive §2255 motion based on §2244(b)(1).
Faced with §2244(b)(3)(E)'s bar on petitioning for review of
that denial in this Court, Bowe instead invokes this Court's
jurisdiction to entertain original habeas petitions under

§2241(a). The standard for this Court's consideration of an original habeas petition is a demanding one. A petitioner must show both that "adequate relief cannot be obtained in any other form or from any other court" and "exceptional circumstances warrant the exercise of the Court's discretionary powers." Rule 20.4(a). Whether Bowe has met that demanding standard here is questionable, because it is not clear that, absent §2244(b)(1)'s bar, the Eleventh Circuit would have certified his §2255 motion.

The Circuit split, however, is still an important issue for this Court to consider in a more appropriate case. I would welcome the invocation of this Court's original habeas jurisdiction in a future case where the petitioner may have meritorious §2255 claims. The Government also suggests that a court of appeals seeking clarity could certify the question to this Court. In the meantime, in light of the demanding standard for this Court's jurisdiction over original habeas petitions, I encourage the courts of appeals to reconsider this question en banc, where appropriate.*

---

*For instance, it may be unnecessary to revisit the question en banc where statements from prior cases examining §2244(b)(1)'s bar are dicta, rather than holdings. See, *e.g.*, *Williams* v. *United States*, 927 F. 3d 427, 435–436 (CA6 2019) (revisiting the §2244(b)(1) analysis after concluding that statements from two published prior cases were unreasoned dicta); *King* v. *Brownback*, 601 U. S. \_\_\_, \_\_\_ (2023) (statement of SOTOMAYOR, J., respecting denial of certiorari) (noting different avenues for lower courts to reconsider the application of a statutory bar).