**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4176**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH GRAHAM,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge. (1:13-cr-00620-ELH-1)

---

Submitted: February 3, 2025                    Decided: February 6, 2025

---

Before GREGORY, WYNN, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Jonathan Scott Tsuei, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2015, a jury convicted Kenneth Graham of several offenses that occurred on September 17, 2013: attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (Count 1); possession and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c) (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1) (Count 3). The predicate crime of violence underlying the § 924(c) charge in Count 2 was attempted Hobbs Act robbery. The district court sentenced Graham to a total of 382 months' imprisonment. On appeal, we affirmed Graham's convictions and sentence. *United States v. Graham*, 643 F. App'x 268 (4th Cir. 2016) (No. 15-4318). After we granted Graham authorization to file a successive 28 U.S.C. § 2255 motion, the district court granted § 2255 relief, vacated his § 924 conviction (Count 2), and ordered resentencing on Counts 1 and 3. *See United States v. Taylor*, 596 U.S. 845, 860 (2022).

At the March 13, 2024, resentencing hearing ("first resentencing"), the district court sentenced Graham to a total term of 325 months' imprisonment. However, soon after that hearing, the probation officer notified the district court and the parties of an error in the Sentencing Guidelines range calculated at the first resentencing. Specifically, the error related to the six-level enhancement imposed pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(3)(C) (2023). Because "the cumulative adjustments from [USSG § 2B3.1(b)](2) and (3) shall not exceed 11 levels," *see* USSG § 2B3.1(b)(3), and because Graham had received a seven-level enhancement under USSG § 2B3.1(b)(2)(A), the maximum enhancement under USSG § 2B3.1(b)(3)(C) was four levels (not six). As a

2

result, Graham's total offense level should have been reduced by two levels, from 35 to 33, resulting in a Guidelines range of 210 to 262 months.

On the Government's motion, the district court reconvened the resentencing hearing on March 26, 2024 ("second resentencing"), and established a revised Guidelines range of 210 to 262 months. After listening to the parties' arguments and Graham's allocution, the court thoroughly discussed the sentencing factors in relation to Graham's case and determined a two-month upward variance was warranted. The court sentenced Graham to 240 months for Count 1 and 24 months for Count 3, to run consecutively to Count 1, for a total of 264 months' imprisonment, with credit for time served in federal custody.

On appeal, Graham's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether, at the second resentencing, the district court properly calculated Graham's criminal history score and offense level. Graham has filed a pro se supplemental brief echoing counsel's arguments regarding his criminal history. Additionally, Graham asserts that his counsel at the first resentencing was ineffective. The Government has elected not to file a response brief. We affirm.

Graham questions the procedural reasonableness of his sentence. We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure . . . the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

3

adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. "In assessing [a defendant's] challenge to the district court's Guidelines application, we review factual findings for clear error and legal conclusions *de novo*." *United States v. Boyd*, 55 F.4th 272, 276 (4th Cir. 2022) (internal quotation marks omitted).

Graham asserts that the district court erred by assessing criminal history points for his 1998 Maryland convictions because they were too old to be counted. Because Graham was incarcerated for those offenses within the 15-year period before he committed the instant offenses, the district court did not err. *See* USSG § 4A1.2(e)(1). Next, Graham contends that the 1998 Maryland convictions should have been counted as one offense—not two—because there were no intervening arrests. The district court, however, properly applied USSG § 4A1.2(a)(2) and counted the prior convictions separately because there was an arrest between the two offenses. Graham also challenges the imposition of offense level enhancements under USSG § 2B3.1(b)(2)(A), (3)(C) because they were based on dismissed conduct in Count 2. We have held that "a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 798-99 (4th Cir. 2009). Our review of the record leads us to conclude that the district court properly applied these enhancements. Because the district court at the second resentencing properly recalculated the applicable Guidelines range as 210 to 262 months' imprisonment, based on a total offense level of 33 and a criminal history category of V, listened to the

4

parties' arguments, allowed Graham to allocate, and adequately explained the sentence, Graham's sentence is procedurally reasonable.

In his pro se brief, Graham asserts that counsel at the first resentencing provided ineffective assistance by failing to object to the district court's calculation of Graham's offense level. However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing standard). Graham has not met the high standard required to proceed with his ineffective assistance claim on direct appeal. Such claims should be raised, if at all, in a § 2255 motion, *Faulls*, 821 F.3d at 508, to permit sufficient development of the record, *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Graham, in writing, of the right to petition the Supreme Court of the United States for further review. If Graham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Graham. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5